FORGED
CLERK, U.S. DISTRICT COURT
6/9/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
June 9, 2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CLD___ DEPUTY

BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER MILLS
Special Assistant United States Attorney
Domestic Security & Immigration Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-
    Facsimile:    (213) 894-0141
    E-mail:  Christopher.Mills@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-MJ-03525-DUTY |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| CRISTIAN LEONARDO AVILA-GONZALES, | |
| Defendant. | |

    Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☒   1.    Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

    ☐   a.    present offense committed while defendant was on release pending (felony trial),

    ☒   b.    defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

|   |   |   |   |
|---|---|---|---|
| ☒ | c. | defendant may flee; or |
| ☒ | d. | pose a danger to another or the community. |
| ☒ | 2. | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| ☒ | a. | the appearance of the defendant as required; |
| ☒ | b. | safety of any other person and the community. |
| ☐ | 3. | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ☐ | 4. | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| ☐ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |

|     |   |    |                                                                          |
|-----|---|----|--------------------------------------------------------------------------|
| 1   |   |    | 2260, 2421, 2422, 2423 or 2425 (presumption of danger                    |
| 2   |   |    | to community and flight risk);                                           |
| 3   | ☐ | d. | defendant currently charged with an offense described                    |
| 4   |   |    | in paragraph 5a - 5e below, <u>AND</u> defendant was                     |
| 5   |   |    | previously convicted of an offense described in                          |
| 6   |   |    | paragraph 5a - 5e below (whether Federal or                              |
| 7   |   |    | State/local), <u>AND</u> that previous offense was committed             |
| 8   |   |    | while defendant was on release pending trial, <u>AND</u> the             |
| 9   |   |    | current offense was committed within five years of                       |
| 10  |   |    | conviction or release from prison on the above-                          |
| 11  |   |    | described previous conviction (presumption of danger to                  |
| 12  |   |    | community).                                                              |
| 13  | ☒ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f)              |
| 14  |   |    | If the Case Involves:                                                    |
| 15  | ☐ | a. | a crime of violence (as defined in 18 U.S.C.                             |
| 16  |   |    | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or                       |
| 17  |   |    | Federal crime of terrorism (as defined in 18 U.S.C.                      |
| 18  |   |    | § 2332b(g)(5)(B)) for which maximum sentence is 10                       |
| 19  |   |    | years' imprisonment or more;                                             |
| 20  | ☐ | b. | an offense for which maximum sentence is life                            |
| 21  |   |    | imprisonment or death;                                                   |
| 22  | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is                  |
| 23  |   |    | 10 years' imprisonment or more;                                          |
| 24  | ☐ | d. | any felony if defendant has two or more convictions for                  |
| 25  |   |    | a crime set forth in a-c above or for an offense under                   |
| 26  |   |    | state or local law that would qualify under a, b, or c                   |
| 27  |   |    |                                                                          |
| 28  |   |    |                                                                          |

|   |   |   |   |
|---|---|---|---|
|   |   |   | if federal jurisdiction were present, or a combination or such offenses; |
|   | ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
|   | ☒ | f. | serious risk defendant will flee; |
|   | ☐ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| ☐ | 6. |   | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//
//

4

☐ 7.  Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: June 9, 2025                    Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division


_____
CHRISTOPHER MILLS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA